UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL CARTER,<br><br>    Plaintiff,<br><br>v.<br><br>J. UHLIK, et al.,<br><br>    Defendants. | Case No.: 1:16-cv-01202-DAD-SAB (PC)<br><br>FINDINGS AND RECOMMENDATION RECOMMENDING DENIAL OF PLAINTIFF'S MOTION TO RESCIND THE SETTLEMENT AGREEMENT<br><br>[ECF No. 20] |

Plaintiff Michael Carter is appearing pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.

Currently before the Court is Plaintiff's motion to rescind the settlement agreement, filed June 19, 2017.

**I.**

**RELEVANT HISTORY**

Plaintiff filed the instant on August 15, 2016, and on January 10, 2017, the Court found that Plaintiff stated a cognizable claim against Defendants J. Uhlik, M. Jennings, M.V. Sexton and M. Voong for violation of Plaintiff's right to free exercise of religion under the First Amendment.

On March 30, 2017, Defendants filed an answer to the complaint. On March 31, 2017, the Court issued the discovery and scheduling order.

1

On June 2, 2017, the Court scheduled a settlement conference on June 9, 2017, at Corcoran State Prison before United States Magistrate Judge Michael J. Seng. The parties reached a settlement agreement at the conference.

On June 15, 2017, the parties filed a stipulation of dismissal, with prejudice, and the case was closed on this same date.

As previously stated, on June 19, 2017, Plaintiff filed a motion to rescind the settlement agreement.

## II.

## LEGAL STANDARD

"It is well settled that a district court has the equitable power to enforce summarily an agreement to settle a case pending before it." Callie v. Near, 829 F.2d 888, 890 (9th Cir. 1987); accord Doi v. Halekulani Corp., 276 F.3d 1131, 1141 (9th Cir. 2002). This power only extends to the enforcement of complete settlement agreements. Callie, 829 F.2d at 890. Under federal law, there are two requirements for an oral agreement to be enforceable. First, the agreement must be complete. Maynard v. City of San Jose, 37 F.3d 1396, 1401 (9th Cir. 1994), as amended (Nov. 22, 1994). Second, the parties must have agreed to be bound by the terms of the settlement, or have authorized their attorneys to settle the suit. Harrop v. W. Airlines, Inc., 550 F.2d 1143, 1144 (9th Cir. 1977).

In addition, "[t]he construction and enforcement of settlement agreements are governed by principles of local law which apply to interpretation of contracts generally." O'Neil v. Bunge Corp., 365 F.3d 820, 822 (9th Cir. 2004) (citations omitted). Therefore, California law regarding the formation and interpretation of contracts is applied to determine whether a legally enforceable settlement agreement was reached. United Commercial Ins. Serv., Inc. v. Paymaster Corp., 962 F.2d 853, 856 (9th Cir. 1992). "Under California law, settlement agreements are governed by general principles of contract law." Adams v. Johns-Manville Corp., 876 F.2d 702, 704 (9th Cir. 1989).

The essential elements of a contract under California law are: "parties capable of contracting; the parties' consent; a lawful object; and sufficient cause or consideration." Lopez v. Charles Schwab & Co., 118 Cal.App.4th 1224, 1230 (2004). "An essential element of any contract is the consent of the parties, or mutual assent." Lopez, 118 Cal.App.4th at 1230 (quoting Cal. Civ.Code, §§ 1550(2),

1565(2)). Mutual assent is usually manifested by an offer that is communicated to the offeree and an acceptance that is communicated to the offeror." Lopez, 118 Cal.App.4th at 1230.

"Normally if a party enters into a settlement agreement knowingly and voluntarily, the agreement is treated as a binding contract and the party is precluded from raising the underlying claims." Arnold v. United States, 816 F.2d 1306, 1309 (9th Cir. 1987) (citation omitted); Folsom v. Butte Cty. Assn. of Governments, 32 Cal.3d 668, 677 (1982) ("Compromise has long been favored…[A] valid compromise agreement has many attributes of a judgment, and in the absence of a showing of fraud or undue influence is decisive of the rights of the parties thereto and operates as a bar to the reopening of the original controversy." (quotations omitted)). "However, if one part breaches a settlement, the other has the option of enforcing the terms of the settlement or rescinding the settlement and suing on the original claims." Arnold, 816 F.2d at 1309 (citation omitted) (noting "for example, that the government could reinstate its case against a defendant if the defendant breached a settlement agreement." (citations omitted)).

California Civil Code section 1689 provides in pertinent part that a contract may be rescinded where (1) consent was "given by mistake, or obtained through duress, menace, fraud, or undue influence, exercised by or with the connivance of the party as to whom he rescinds…."; (2) consideration fails through the fault of the party as to whom he rescinds; (3) consideration "becomes entirely void from any cause"; (4) consideration, before it is rendered to the rescinding party, "fails in a material respect from any cause"; (5) "the contract is unlawful for causes which do not appear in its terms or conditions, and the parties are not equally at fault"; and (6) "the public interest will be prejudiced by permitting the contract to stand." Cal. Civ. Code § 1689(b).

### III.

### DISCUSSION

In his motion to rescind the settlement agreement, Plaintiff submits that on June 6, 2017, he was transferred from Salinas Valley State Prison to Corcoran State Prison (CSP-COR) for the settlement conference on June 9, 2017. Upon his arrival at CSP-COR, he was informed by Sergeant Childress of his special religious diet and the need to notify the kitchen of his dietary needs. Sergeant Childress assured Plaintiff that everything would be situated without any complications. However,

Plaintiff was denied his religious diet for a period of four consecutive days. Plaintiff contends that the denial of his dietary religious needs appears to be continued disregard for his religious practices, and therefore he requests to rescind the settlement agreement.

The fact that Plaintiff contends he was denied his religious dietary needs for four consecutive days while housed at CSP-COR does not provide a valid basis to rescind the settlement agreement in this case which involves conduct by a different individual at a subsequent time to the allegations raised in this action. Because a settlement agreement is a contract, Plaintiff has failed to set forth a sufficient basis to rescind the settlement contract under the applicable California law. Indeed, Plaintiff's allegations may provide other a basis for other remedies, but it is not grounds to rescind the settlement agreement. Accordingly, Plaintiff's motion to rescind the settlement agreement should be denied.

**IV.**

**RECOMMENDATION**

Based on the foregoing, it is HEREBY RECOMMENDED that Plaintiff's motion to rescind the settlement agreement be denied.

This Findings and Recommendation will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within **fourteen (14) days** after being served with this Findings and Recommendation, the parties may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **June 21, 2017**

UNITED STATES MAGISTRATE JUDGE